UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MAXIMILIANO VIDAL RAMOS,

Petitioner,

v.

WARDEN OF THE DETENTION FACILITY,

Respondent.

Case No. 1:26-cv-05248 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Maximilliano Vidal Ramos filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"), or alternatively a bond hearing. *See* Dkt. No. 1 at 17. For the reasons that follow, the Court GRANTS the petition in part.

Based on review of the parties' submissions, the Court finds the following facts. Petitioner is a native of Mexico who entered the United States at an unknown date and time approximately five years ago fleeing persecution due to his sexual orientation. Dkt. No. 8-1 ¶¶ 9–11; Dkt. No. 10-1 at 2. Petitioner applied for asylum in 2025. Dkt. No. 1 ¶ 18; Dkt. No. 8-1 ¶ 12; Dkt. No. 10-1 at 2. He was referred for an asylum interview with USCIS, which he completed in early September 2025. Dkt. No. 8-1 ¶ 12. On September 29, 2025, Petitioner received a letter informing him that his application for asylum was denied, and that he would be placed in removal proceedings. *Id.* ¶ 13; Dkt. No. 10-1 at 2. That letter indicated that his next immigration hearing was set for May 18, 2027. Dkt. No. 8-1 ¶ 13; Dkt. No. 10-1 at 2. Additionally, in light of his pending removal proceedings, Petitioner was granted work

authorization by USCIS through July 2027. Dkt. No. 1 ¶ 18; Dkt. No. 8-1 ¶ 14.

On March 3, 2026, Petitioner was detained by ICE after he had been arrested for battery. Dkt. No. 8-1 ¶ 25. Petitioner claims that this criminal arrest was due to false accusations made against him by his roommate. *Id.* ¶¶ 21, 24. Charges against Petitioner appear to have been dropped on March 18, 2026 following his arrest by ICE. Dkt. No. 10-4 at 5. He has remained detained for nearly five months and has not been provided a bond hearing to challenge the basis of his continued detention as Respondents maintain that Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b). *See* Dkt. No. 7 at 1; Dkt. No. 10 at 1.

As the Court has in the past, it rejects Respondents' argument that Petitioner may be detained under § 1225(b) and avoid providing Petitioner with the statutory process he is entitled to under 8 U.S.C. § 1226(a). The Ninth Circuit in *Rodriguez Vazquez v. Bostock* held that § 1225(b)(2)(A) does not apply to noncitizens, like Petitioner, who are present in the United States without admission and were arrested in the interior of the country. 183 F.4th 1160, 1164 (9th Cir. 2026) ("we conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). Accordingly, the Court finds that Petitioner's detention, bond, and release are controlled by § 1226(a).

The Court further finds that Petitioner is entitled to relief on his due process claim. Judges throughout the Ninth Circuit have repeatedly held, on facts materially similar to these, "that a noncitizen who has lived at liberty for an extended duration while his immigration case proceeds—pursuant to the Government's affirmative decision not to detain him—holds a protected liberty interest in remaining free from custody[.]" *See Norberto C.M. v. Warden, Central Vallet Annex*, No. 1:26-CV-04674-MWJS, 2026 WL 1992747, at *4 (E.D. Cal. July 9, 2026). Here, Petitioner was placed in removal proceedings in 2025 and granted work authorization by USCIS through 2027, thus, permitting him to work in the United States through the pendency of his removal proceedings. By acquiescing to his continued release in the United States upon placing Petitioner in removal proceedings, the Government vested in Petitioner a

liberty interest in his continued freedom.

Having found a protected liberty interest, Petitioner was entitled to process commensurate with that interest. Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). Each factor favors Petitioner here. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) (identifying the three factors as (1) the private interest affected by official action, (2) the risk of erroneous deprivation and probable value of additional procedural safeguards, and (3) the Government's interest).

First, his interest in freedom from physical detention is weighty. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The risk of erroneous deprivation from seizing an individual who previously had been permitted to live at liberty while his immigration case proceeded without any opportunity to be heard is substantial, and the value of a hearing in reducing that risk is correspondingly high. The record, however, shows changed circumstances between service of the Notice to Appear in 2025, and Petitioner's arrest by ICE—specifically a criminal charge. As Petitioner was still "charged" with a criminal offense when he was detained, ICE at the time had at least a colorable basis for his continued detention. The relevant question, however, is whether that event constitutes changed circumstances or justifies Petitioner's continued detention now that the charge has been dismissed. Thus, the Court concludes that prompt, post-deprivation process is required here. Finally, the Government's interest in providing such a hearing is minimal. Indeed, in immigration court, custody hearings are routine and impose a "minimal" cost. *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025).

Accordingly, for the reasons stated above, the petition for writ of habeas corpus is GRANTED in part. Petitioner SHALL be provided a substantive bond hearing within fourteen days of entry of this order at which the Immigration Judge will determine whether Petitioner poses a risk of flight or a danger to the community if he is released. The hearing may be continued upon Petitioner's request. At any such hearing, the Government SHALL bear the burden of establishing by clear and convincing evidence that Petitioner poses a danger to the

community or a risk of flight. Petitioner SHALL be allowed to have counsel present. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: September 10, 2026

VINCE CHHABRIA
United States District Judge